Citation Nr: 1532774 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 12-21 062 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to an increased rating in excess of 10 percent disabling prior to March 18, 2013, for left patellofemoral syndrome. 

2. Entitlement to an increased rating in excess of 20 percent disabling from March 18, 2013, forward, for left knee instability associated with patellofemoral syndrome. 

3. Entitlement to an increased rating in excess of 10 percent disabling from March 18, 2013, forward, for limitation of left knee flexion associated with patellofemoral syndrome. 

4. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Appellant represented by: North Carolina Division of Veterans Affairs


ATTORNEY FOR THE BOARD

T. Susco, Associate Counsel


INTRODUCTION

The Veteran, who is the appellant in this case, served on active duty from October 1990 to September 1991. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a December 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina, which, in pertinent part, denied entitlement to an increased disability rating in excess of 10 percent for left patellofemoral syndrome. In a March 2014 rating decision, the RO granted entitlement to an increased disability rating for left patellofemoral syndrome to 20 percent, which was assigned on the basis of knee instability, and granted a separate disability rating of 10 percent on the basis of limitation of motion. 

In the July 2012 substantive appeal (VA Form 9), the Veteran requested a hearing at the Board's office in Washington, D.C., which was scheduled to occur in July 2014. Prior to the scheduled hearing, the Veteran requested that the hearing be canceled and his appeal be forwarded for appellate review. As the Veteran did not subsequently submit a motion for a new hearing, the hearing request is deemed withdrawn. See 38 C.F.R. § 20.704(e) (2014). 

In October 2014, the Board, in pertinent part, remanded the appeal to the RO for additional development. For the reasons discussed below, the matter has not been properly returned to the Board for appellate consideration. See Stegall v. West, 11 Vet. App. 268 (1998). 

This appeal was processed using both the "Virtual VA" system and the "Veterans Benefits Management System" paperless claims processing system. Accordingly, any future consideration of the Veteran's case should take into consideration the existence of this electronic record. 

The issue of entitlement to a TDIU has been raised by the record and has been added to the appeal. See Rice v. Shinseki, 22 Vet. App. 447, 453-54 (2009), (holding that a request for a TDIU, whether expressly raised by a veteran or reasonably raised by the record, is not a separate "claim" for benefits, but rather, can be part of a claim for increased compensation); see also Roberson v. Principi, 251 F.3d 1378 (Fed. Cir. 2001) (a separate, formal claim is not required in cases where an informal claim for TDIU has been reasonably raised).

The appeal is REMANDED to the AOJ. 


REMAND

Another remand is required in this case to ensure that there is a complete record upon which to decide the Veteran's claim of entitlement to increased disability ratings for left patellofemoral syndrome. See 38 C.F.R. § 19.9 (2014). VA has a duty to make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claims for the benefits sought, unless no reasonable possibility exists that such assistance would aid in substantiating the claims. 38 U.S.C.A. 
§ 5103A(a) (West 2014); 38 C.F.R. § 3.159(c), (d) (2014). VA's duty to assist the Veteran particularly applies to relevant evidence known to be in possession of the Federal Government, such as VA records. See 38 C.F.R. § 3.159(c)(2) (2014); see also Bell v. Derwinski, 2 Vet. App. 611 (1992); Ivey v. Derwinski, 2 Vet. App. 320, 323 (1992).

In October 2014, the Board, in pertinent part, remanded the issues on appeal in order to obtain pertinent VA treatment records and associate them with the claims file. Specifically, treatment records from the Hampton/Albemarle VA outpatient clinic dated between May 24, 2010, and February 25, 2014, which were reviewed and considered by the RO in its March 2014 rating decision, were not part of the electronic claims file available for review by the Board. Accordingly, the Board requested that these VA records be obtained and associated with the claims file. If it was determined that these records could not be obtained, the Board requested that this determination be clearly documented in the claims file and the Veteran be provided appropriate notification. See 38 C.F.R. § 3.159(e). To date, treatment records from the Hampton/Albemarle VA outpatient clinic prior to March 12, 2013, have not been associated with the claims file. The claims file does not otherwise contain any notation of the unavailability of these VA treatment records or notification as such to the Veteran. 

A Board remand confers upon an appellant the right to compliance with that order. Stegall, 11 Vet. App. 268; D'Aries v. Peake, 22 Vet. App. 97, 105 (2008) (holding that there must be substantial compliance with the terms of a Board remand). Given the above and the heightened duty to assist the Veteran in obtaining Federal records, the Board finds that there has not been substantial compliance with the terms of the October 2014 Board remand, and another remand is necessary to satisfy VA's duty to assist the Veteran. See 38 C.F.R. § 3.159(e). 

The Veteran has contended that he has been unable to maintain regular employment since May 2009 due to his disability and lack of mobility. See May 2014 Declaration of Status of Dependents (VA Form 21-686c). Additionally, the June 2015 VA examiner noted that the Veteran has not been employed since 2009, at which time the Veteran identified that he was experiencing moderate to high levels of occupational impairment due to posttraumatic stress disorder (PTSD). The VA examiner further noted that given the current severity of the Veteran's PTSD, "it would be expected that if he was currently employed he would display in many work settings high levels of occupational impairment when engaged in both sedentary and physical work tasks." Service connection for the Veteran's PTSD was granted in a June 2015 rating decision and a 70 percent rating was assigned. As indicated above, the issue of entitlement to a TDIU has been raised by the record and has been added to the appeal. The Veteran should be provided VCAA notice as to what is needed to substantiate a claim for entitlement to a TDIU.



Accordingly, the case is REMANDED for the following actions:

1. Obtain any and all VA treatment records of the Veteran and associate them with the record, to specifically include treatment records from the Hampton/Albemarle VA outpatient treatment center dated between May 24, 2010, and March 12, 2013. 

If the search for such records has negative results, the AOJ should notify the Veteran and place a statement to that effect in the record. 

2. The AOJ should provide the Veteran with appropriate notice under the VCAA to substantiate a claim for entitlement to a TDIU.

3. After completion of the above and compliance with the requested actions has been ensured, readjudicate the issues on appeal, with consideration of any additional evidence of record. If the determinations remain adverse to the Veteran, he and his representative should be furnished with a Supplemental Statement of the Case. An appropriate period of time should then be allowed for a response before the record is returned to the Board for further review. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other 

appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. 
§§ 5109B, 7112 (West 2014).



_________________________________________________
K. J. Alibrando 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).